IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | } } } | |
| Plaintiff, | } } | CIVIL ACTION NO. |
| v. | } } | 00-AR-2762-S |
| PEMCO AEROPLEX, INC., | } } } | |
| Defendant. | } | |

**MEMORANDUM OPINION AND ORDER**

This case has undergone evolutionary if not revolutionary changes. A previously entered order contemplates a jury trial of the liability question and thereafter, in the event the jury finds that a hostile racial environment existed on the premises of defendant, Pemco, individual mini-trials, using the same jury to determine the compensatory damages, if any, sustained by each individual member of the group represented by EEOC. The potential number of persons who were, or might have been, damaged by a racially hostile environment, if such existed or exists (not including those precluded by earlier orders of this court), is unknown, but, from what the court has learned, the number may reach into the hundreds. This means that in the event of a jury verdict against Pemco on the liability question, the court will be faced with an unimaginable series of mini-trials under the procedure presently contemplated. Such a trial might very well take months, because each individual claim would, in theory and in fact, be

different because of the different personalities and the different exposures to the hostile environment.  This judge would like to finish this case before he hangs up his robe, and is not sure he can do so without some changes in the anticipated procedure.

One solution to the problem, other than blindly betting on a jury verdict in favor of Pemco, would be to appoint a special master to conduct the mini-trials of the individual compensatory damage claims.  This would require a waiver by all parties of their Seventh Amendment rights to jury trial and could only be done by agreement.  The court encourages the parties to respond favorably to this possible solution.

Another solution, or partial solution, is something that the court should have already thought of.  It came into focus when the court recently read *Reeb v. Ohio Department of Rehabilitation and Correction*, ___ F.3d ___, 2006 WL 162836 (6th Cir., Jan. 24, 2006). The court invites the parties to read this decision.  Although EEOC's right to bring suit on behalf of statutorily specified protected groups is not exactly the same as the right of class representatives to bring class actions under Rule 23, F.R.Civ.P., the trial management problems are much the same, especially when individualized compensatory damages are being sought. Dealing with this problem on January 24, 2006, the Sixth Circuit, with one judge dissenting, quoted itself in *In re Telectronics Pacing Sys., Inc.*, 221 F.3d 870, 881 (6th Cir. 2006), as follows:

2

> "[P]rinciples of sound judicial management and constitutional considerations of due process and the right to jury trial all lead to the conclusion that in an action for money damages class members are entitled to personal notice and an opportunity to opt out".

The Sixth Circuit proceeded to hold:

> Accordingly, we hold that, because of the individualized nature of damages calculations for Title VII plaintiffs and the ability of those plaintiffs to bring individual actions, the claims for individual compensatory damages of members of a Title VII class necessarily predominate over requested declaratory or injunctive relief, and individual compensatory damages are not recoverable by a Rule 23(b)(2) class. The district court therefore abused its discretion in certifying this class under Federal Rule of Civil Procedure 23(b)(2). We emphasize, however, that this holding does not foreclose all Title VII class actions. Plaintiffs now have the choice of proceeding under Rule 23(b)(3) in an action for money damages or in an action under Rule 23(b)(2) for declaratory or injunctive relief alone or in conjunction with compensatory and punitive damages that inure to the group benefit. And, as always, plaintiffs remain free to bring Title VII actions as individuals.

In the instant case, EEOC, on behalf of a group of black employees, is predominantly seeking declaratory and injunctive relief and punitive damages, remedies that would inure to the benefit of the group. It occurs to the court that there is sufficient similarity between the group here represented by EEOC and the putative class in *Reeb* so that individuals in this EEOC group should be given the right to opt out as to claims of compensatory damages. "Due process" may even require it. Not only are there Pemco employees and former employees who probably will not want to take the stand and testify that they suffered mental anguish, but the court needs to know with certainty the number and names of the individual plaintiffs who seek compensatory damages, so that a scheme for

managing the trial can be devised.

The parties are ORDERED to file a joint stipulation or separate responses to the above suggestions **by 4:30 p.m., March 20, 2006.**

DONE this 3rd day of March, 2006.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE